# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-42 (DWF/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Irineo Serio Moreno, | |
| Defendant. | |

Elizabeth R. Duel, Esq., Ryan Garry, LLC, counsel for Defendant.

LeeAnn K. Bell and Andrew S. Dunne, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Irineo Serio Moreno's ("Moreno") motion for compassionate release in light of the COVID-19 pandemic. (Doc. No. 342 ("Motion").) The United States of America (the "Government") opposes Moreno's Motion.[1] (Doc. No. 349.) For the reasons discussed below, the Court respectfully denies Moreno's Motion.

## BACKGROUND

On July 12, 2013, Moreno pled guilty to one count of conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (Doc. No. 122.) On

---

[1] The Court also received and considered Moreno's response to the Government's opposition. (Doc. No. 350 ("Reply").)

June 23, 2014, this Court sentenced him to a concurrent prison term of 120 months on Count 1 and 108 months on Count 2, as wells as concurrent supervised release terms of 5 years on Count 1 and 3 years on Count 2. (Doc. No. 245.)

Moreno is currently incarcerated at Fort Dix FCI in Joint Base MDL, NJ with an anticipated release date of July 19, 2022. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited June 4, 2021). Fort Dix FCI reports no active COVID-19 case among its inmates or staff and 1,767 inmates and 93 staff who have recovered from the virus. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited June 4, 2021). Sadly, 2 inmates at the facility have died from COVID-19. (*Id.*) To date, the Bureau of Prisons ("BOP") has performed 2,856 tests for COVID-19 at Fort Dix FCI with 1,967 of them positive for the virus and one test pending. *Id.* Moreover, 247 staff and 1,485 inmates at the facility have been fully inoculated against COVID-19. *Id.* Moreno received his first dose of the Pfizer-BioNTech COVID-19 vaccine on March 22, 2021, and his second on April 12, 2021. (Doc. No. 344-1 ("Medical Records") at A-9.)

Moreno now moves for compassionate release on the grounds that he is at increased risk of severe infection from COVID-19 because he is 42 years old, obese, and Hispanic.[2] (Def. Memo. at 6-7, 11, 28; Reply at 3; *see also* Medical Records at A-28.)

---

[2] Moreno is 5'11" and weighed 216 pounds as of June 19, 2020. (Def. Memo. at 6; *see also* Medical Records at A-28.) His corresponding body mass index is therefore 30.1. *See* Centers for Disease Control and Prevention, Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited June 4, 2021). While Moreno's Medical Records do not reflect a current weight, they do indicate that he has been consistently overweight or

2

He further asserts that he suffers from sleep apnea, dehydration, major depressive disorder, shoulder pain, cannabis use disorder, unspecified breathing abnormalities, occasional high blood pressure, and prediabetes.[3] (Doc. No. 343 ("Def. Memo.") at 7-10; *see also* Medical Records at A-7, A-28, A-35, A-65, A-112, A-174, A-319.) Moreno also expresses concern about his risk of contracting COVID-19 in a prison setting, particularly when so many inmates at his facility have been infected with the virus.[4] (Def. Memo. at 12-14; Reply at 2.) Despite being fully vaccinated against COVID-19, Moreno contends he remains at risk of infection due to breakthrough infections and emerging variants of the virus. (Def. Memo. at 17-23, 29-31; Reply at 1-2; *see also* Doc. No 345.)

Moreno states that release is appropriate because he has committed himself to rehabilitation, including participating in educational programming and completing the Residential Drug Abuse Program. (Def. Memo. at 5-6, 29; Reply at 4;*see also* Doc. Nos. 344-4; 344-7 ("Letter").) He also asserts that because he has a minimal discipline record and an appropriate release plan, keeping him in prison for the rest of his sentence

---

obese since 2014. (*See, e.g.*, Medical Records at A-28, A-127, A-142, A-198, A-202, A-217, A,-222, A-256, A-263, A-294, A-303, A-304, A-320.)

[3] Moreno also asserts that he previously suffered from generalized anxiety disorder. (Def. Memo. at 10; *see also* Medical Records at A-7.)

[4] The record reflects that Moreno tested positive for COVID-19 on January 4, 2021. (Medical Records at A-24.) While his Medical Records indicate that he was asymptomatic, Moreno asserts that he experienced dizziness, major headaches, cold sweats and chills at night, significant shortness of breath, head congestion, and fatigue. (Def. Memo. at 16.) He further contends this his infection led to pneumonia and high blood pressure, which he remains susceptible to if he contracts the virus again. (*Id.* at 28-31.) Moreno also asserts that he continues to suffer from shortness of breath, which he attributes to either COVID-19 or the resulting pneumonia. (Reply at 2-3.)

is an unnecessary risk.[5] (Def. Memo. at 6, 29; reply at 4; *see also* Doc. No. 344-2 ("Discipline Record").)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).[6]

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the

---

[5]    Moreno has approximately 14 months left in his sentence but asserts that he is scheduled to be released to a halfway house on October 5, 2021. (Def. Memo. at 29.)

[6]    While the Statement refers only to motions filed by the Director of the BOP, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants. The Court acknowledges that there is ongoing litigation surrounding this issue and that other courts have found that the Statement does not apply to motions initiated by a defendant. *See McCoy*, 981 F.3d 271 at 281; *United States v. Brooker,* 976 F.3d 228 at 234 (2d Cir. 2020); *United States v. Jones,* 980 F.3d 1098 at 1110-11 (6th Cir. Nov. 20, 2020); *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Court also notes that the Eighth Circuit has not yet considered the issue. Here, even if the Court were to exercise broader discretion, it would still find that Moreno's circumstances do not meet the demanding standard for compassionate release.

community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." Statement. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Still, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[7] *Id.*

The record reflects that Moreno requested compassionate release from the warden at Fort Dix FCI on October 30, 2020. (Doc. No. 344-6.) Because more than 30 days have passed since Moreno's request, the Court finds that his Motion is ripe for review.

After a careful review of Moreno's Motion and supporting documentation, including his Medical Records, the Court finds that his circumstances do not meet the demanding standard necessary for compassionate release. While the Court recognizes that obesity is a medical condition that increases Moreno's risk of severe infection from COVID-19, the Court finds no indication that it alone, or in combination with any other

---

[7] Although judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A). *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

medical condition or the presence of COVID-19 at Fort Dix FCI, has diminished or will diminish Moreno's ability to provide self-care while in prison.[8]

Moreover, the Court finds that any risk posed by COVID-19 is largely mitigated by the fact that Moreno is fully vaccinated against COVID-19.[9] *See, e.g.*, *United States v. Wakefield*, Cr. No. 1:19-95, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (denying compassionate release despite defendant's obesity, diabetes, and hypertension where he previously tested positive for COVID-19 and received first vaccine dose); *United States v. McGill*, Cr. No. SAG-15-37, 2021 WL 662182, at *5 (D. Md. Feb. 19, 2021) (denying compassionate release where defendant had measure of immunity after recovering from COVID-19 and received first vaccine dose); *United States v. Beltran*, Cr. No. 6:16-4, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (denying compassionate

---

[8] The Court recognizes that Moreno suffers from a variety of health ailments; however, obesity is the only recognized condition to increase his risk of severe illness from COVID-19. *See* Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html* (last visited June 4, 2021). Based on CDC guidance, the Court also finds that Moreno's age, 42 years old, is an insufficiently extraordinary and compelling risk factor. *See* Centers for Disease Control and Prevention, Coronavirus Disease: Older Adults, *https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html* (last visited June 4, 2021). Moreover, while the Court recognizes that COVID-19 has disproportionately impacted minorities, the Court declines to conclude that Moreno's ethnicity, alone or in combination with his age or medical concerns, is sufficiently extraordinary and compelling to warrant release.

[9] The Court recognizes that some courts have granted compassionate release to defendants with significant underlying health risks, even when the defendant has been fully vaccinated against COVID-19. *See, e.g.*, *United States of America* v. *Joseph Reyes*, Cr. No. 3:11-1, 2021 WL 2154714, at *3-4, (D. Conn. May 26, 2021); *United States v. Manglona*, Cr. No. 14-5393, 2021 WL 808386, at *1-2 (March 3, 2021). Here, the Court finds that Moreno's risk is largely mitigated by having received the vaccine.

6

release to defendant with underlying health conditions when defendant had received first vaccine dose); *United States v. Grummer*, Cr. No. 08-4402, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release to defendant with several chronic medical conditions when defendant had been fully vaccinated against COVID-10).

According to the CDC, the Pfizer-BioNTech COVID vaccine that Moreno received is highly effective, preventing 95% of infections in clinical trials. *See* Centers for Disease Control and Prevention, Information about the Pfizer-BioNTech COVID-19 Vaccine, *https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html* (last visited June 4, 2021). To the extent Moreno remains concerned about contracting COVID-19 after receiving the vaccine, the Court finds this fear speculative and declines to grant release based on a generalized fear of reinfection. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (a generalized fear of contracting COVID-19 is an insufficiently extraordinary and compelling reason to warrant release); *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) (same); *see also United States v. Garcia*, Cr. No. 16-333, 2020 WL 4018223, at *2 (D. Minn. July 16, 2020) (declining to grant compassionate release based on possibility of severe reinfection).

It is truly unfortunate that so many inmates at Fort Dix FCI, including Moreno, contracted the virus. It is promising that the facility currently has no active cases of COVID-19. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited June 4, 2021). Moreover, despite its once high infection rate, Fort Dix FCI was able provide effective medical treatment such that

nearly all inmates who contracted the virus successfully recovered. *Id.* Fort Dix FCI also continues to employ measures to mitigate the spread of COVID-19.[10] It is also promising that BOP has successfully administered over 187,000 doses of the COVID-19 vaccine to all staff and inmates who wish to receive it, including Moreno. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited June 4, 2021). Sadly, despite the vaccine rollout, some level of continued spread remains a possibility. Despite the risk, the BOP must continue to carry out its charge to incarcerate sentenced criminals.[11]

While the Court declines to grant Moreno's Motion, the Court truly commends him for his perseverance through the Residential Drug Abuse Program and his ardent

---

[10] Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of the COVID-19" and "to ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, *https://www.bop.gov/resources/news/20200313_covid-19.jsp* (last visited June 4, 2021). Those steps include limiting visits and internal movement, increased hygiene measures, screening of both staff and inmates and virtual legal visits. *See* Federal Bureau of Prisons, BOP Modified Operations, *https://www.bop.gov/coronavirus/covid19_status.jsp* (last visited June 4, 2021) The BOP periodically updates its Plan and is currently in Phase Nine. Federal Bureau of Prisons, Coronavirus (COVID-19) Phase Nine Action Plan, *https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf* (last visited June 4, 2021).

The BOP is also exercising greater authority to designate inmates for home confinement. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus/* (last visited June 4, 2021). Since March 2020, the BOP has transferred more than 26,000 inmates to home confinement. *Id.*

[11] Because Moreno fails to present a "extraordinary and compelling" reason to warrant release, the Court need not consider the § 3553(a) sentencing factors or whether he poses danger to the safety of any other person or to the community.

participation in educational programming. It is clear that Moreno is doing everything within his power to ensure his success upon release.

## CONCLUSION

For the reasons set forth above, the Court finds that Moreno fails to present an extraordinary and compelling reason to warrant compassionate release. The Court also finds that release is not appropriate because the § 3553(a) factors weigh against it.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Irineo Serio Moreno's motion for compassionate release in light of the COVID-19 pandemic (Doc. No. [342]) is respectfully **DENIED**.

Dated: June 8, 2021            s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge